**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**

DANIELLE LAMBERT,

     Plaintiff,

v.

ALLY FINANCIAL INC.; EQUIFAX
INFORMATION SERVICES, LLC; and
TRANSUNION, LLC,

     Defendants.

Case No.: 4:26-cv-549

**Complaint for Damages:**
    **Violation of Fair Credit**
    **Reporting Act**

**Jury Trial Demanded**

Plaintiff, Danielle Lambert, by and through undersigned counsel, upon information and belief, hereby complains as follows:

## I.   INTRODUCTION

1.   This action arises out of Defendants' violations of the Fair Credit Reporting Act ("FCRA") whereby Plaintiff discovered inaccurate information reporting on their consumer credit reports, disputed that inaccurate information, and Defendants willfully or negligently refused to correct the inaccurate information on Plaintiff's consumer credit report, damaging Plaintiff.

## II.   PARTIES

2.   At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1681a(c).

3.   Defendant, Ally Financial Inc. ("Ally") is and at all times relevant hereto was, a lending institution regularly doing business in the State of Missouri.

4.   At all times pertinent hereto, Defendant Ally is a "person" as that term is defined in 15 U.S.C. §1681a(b) and also a "furnisher" of credit information as that term is described in 15 U.S.C. §1681s-2 *et seq.*

5.   Defendant, Equifax Information Services, LLC ("Equifax"), is a credit reporting agency, licensed to do business in Missouri.

6.    Defendant Equifax is, and at all times relevant hereto was, regularly doing business in the State of Missouri.

7.    Equifax is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681d, to third parties.

8.    Equifax furnishes such consumer reports to third parties under contract for monetary compensation.

9.    At all times pertinent hereto, Defendant Equifax was a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. §1681a(b) and (f).

10.    Defendant, TransUnion, LLC ("TransUnion"), is a credit reporting agency, licensed to do business in Missouri.

11.    Defendant TransUnion is, and at all times relevant hereto was, regularly doing business in the State of Missouri.

12.    TransUnion is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681d, to third parties.

13.    TransUnion furnishes such consumer reports to third parties under contract for monetary compensation.

14.    At all times pertinent hereto, Defendant TransUnion was a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. §1681a(b) and (f).

### III.    JURISDICTION AND VENUE

15.    That the Court has jurisdiction over this action pursuant to 15 U.S.C. § 1681p, the Fair Credit Reporting Act ("FCRA").

16.    Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

17.    Personal jurisdiction exists over Defendants as Plaintiff resides in Missouri,

Defendants have the necessary minimum contacts with the state of Missouri, and this suit arises out of specific conduct with Plaintiff in Missouri.

### IV.      FACTUAL ALLEGATIONS

18.     Plaintiff is a consumer who is the victim of inaccurate reporting by Defendants Ally, Equifax and TransUnion (collectively, "Defendants"), and has suffered particularized and concrete harm.

19.     Equifax, Experian and TransUnion are the three largest consumer reporting agencies ("CRAs") as defined by 15 U.S.C. §1681a(f).

20.     The CRAs' primary business is the sale of consumer reports (commonly referred to as "credit reports") to third parties and consumers.

21.     TransUnion and Equifax have a duty, under the FCRA, to follow reasonable procedures to ensure that the consumer reports they sell meet the standard of "maximum possible accuracy." 15 U.S.C. §1681e(b).

22.     Plaintiff discovered the Ally account last four 7157 on their Equifax and TransUnion consumer reports in error (the "Account").

23.     The Plaintiff has no control over how this Account is used and has never been obligated to make any payments on this Account.

24.     The Account reports derogatory credit activity that is not the Plaintiff's credit activity.

25.     The false information regarding the Account appearing on Plaintiff's consumer reports harms the Plaintiff because it does not accurately depict Plaintiff's credit history and creditworthiness and overstates credit utilization.

### PLAINTIFF'S WRITTEN DISPUTE

26.     On or about February 6, 2026, Plaintiff sent a written dispute to Equifax ("Equifax Dispute"), disputing the inaccurate information regarding the Account reporting on Plaintiff's Equifax consumer report.

27.     On or about February 6, 2026, Plaintiff sent a written dispute to TransUnion ("TransUnion Dispute"), disputing the inaccurate information regarding the Account

reporting on Plaintiff's consumer reports.

28.    Upon information and belief, Equifax and TransUnion forwarded Plaintiff's Disputes (collectively the "Dispute Letters") to Defendant Ally.

29.    Upon information and belief, Ally received notification of Plaintiff's Letters from Equifax and TransUnion.

30.    Upon information and belief, Ally verified the erroneous information associated with the Account to Equifax and TransUnion.

31.     Ally failed to conduct an investigation, contact Plaintiff, contact third-parties, or review underlying account information with respect to the disputed information and the accuracy of the Account.

32.    Equifax and TransUnion each did not conduct an investigation, contact Plaintiff, contact third-parties, or review underlying account information with respect to the disputed information and the accuracy of the Account.

33.    Upon information and belief, Ally failed to instruct Equifax and TransUnion to remove the false and misleading information regarding the Account reporting on Plaintiff's consumer reports.

34.    Equifax and TransUnion employed an investigation process that was not reasonable and did not remove the false and misleading information regarding the Account identified in Plaintiff's Dispute Letters.

35.    At no point after receiving the Dispute Letters did Ally, Equifax or TransUnion communicate with Plaintiff to determine the veracity and extent of Plaintiff's Dispute Letters.

36.    Equifax and TransUnion relied on their own judgment and the information provided to them by Ally rather than grant credence to the information provided by Plaintiff.

37.    The Plaintiff was denied credit and/or refrained from needed credit applications due to the erroneous information associated with the Account.

38.    Plaintiff has lost time working to resolve the adverse information associated

with the Account to prevent harm.

### COUNT I – EQUIFAX

### FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681e(b)

39.     Plaintiff re-alleges and reaffirms the above paragraphs 1-38 as though fully set forth herein.

40.     After receiving the Equifax Dispute, Equifax failed to correct the false and misleading information regarding the Account reporting on Plaintiff's Equifax consumer report.

41.     Defendant Equifax violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files Defendant Equifax published and maintained concerning Plaintiff.

42.     As a result of this conduct, action and inaction of Defendant Equifax, Plaintiff suffered damage and continues to suffer actual damages including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

43.     Defendant Equifax's conduct, action, and inaction were willful, rendering Defendant Equifax liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

44.     In the alternative, Defendant Equifax was negligent, entitled Plaintiff to recover damages under 15 U.S.C. §1681o.

45.     Plaintiff is entitled to recover costs and attorneys' fees from Defendant Equifax, pursuant to 15 U.S.C. §1681n and/or §1681o.

## COUNT II – EQUIFAX

### FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681i

46. Plaintiff re-alleges and reaffirms the above paragraphs 1-38 as though fully set forth herein.

47. After receiving the Equifax Dispute, Equifax failed to correct the false and misleading information regarding the Account reporting on Plaintiff's Equifax consumer report.

48. Defendant Equifax violated 15 U.S.C. §1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, and by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files.

49. As a result of this conduct, action and inaction of Defendant Equifax, Plaintiff suffered damage and continues to suffer actual damages including economic loss, damage to reputation, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

50. Defendant Equifax's conduct, action, and inaction were willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

51. In the alternative, Defendant Equifax was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

52. Plaintiff is entitled to recover costs and attorneys' fees from Defendant Equifax pursuant to 15 U.S.C. §1681n and/or §1681o.

## COUNT III – TRANSUNION

### FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681e(b)

53. Plaintiff re-alleges and reaffirms the above paragraphs 1-38 as though fully set forth herein.

54. After receiving the TransUnion Dispute, TransUnion failed to correct the false

and misleading information regarding the Account reporting on Plaintiff's TransUnion consumer report.

55.     Defendant TransUnion violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files Defendant TransUnion published and maintained concerning Plaintiff.

56.     As a result of this conduct, action and inaction of Defendant TransUnion, Plaintiff suffered damage and continues to suffer actual damages including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

57.     Defendant TransUnion's conduct, action, and inaction were willful, rendering Defendant TransUnion liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

58.     In the alternative, Defendant TransUnion was negligent, entitled Plaintiff to recover damages under 15 U.S.C. §1681o.

59.     Plaintiff is entitled to recover costs and attorneys' fees from Defendant TransUnion, pursuant to 15 U.S.C. §1681n and/or §1681o.

## COUNT IV – TRANSUNION
### FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681i

60.     Plaintiff re-alleges and reaffirms the above paragraphs 1-38 as though fully set forth herein.

61.     After receiving the TransUnion Dispute, TransUnion failed to correct the false and misleading information regarding the Account reporting on Plaintiff's TransUnion consumer report.

62.     Defendant TransUnion violated 15 U.S.C. §1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such

inaccuracies, by failing to conduct lawful reinvestigations, and by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files.

63.     As a result of this conduct, action and inaction of Defendant TransUnion, Plaintiff suffered damage and continues to suffer actual damages including economic loss, damage to reputation, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

64.     Defendant TransUnion's conduct, action, and inaction were willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

65.     In the alternative, Defendant TransUnion was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

66.     Plaintiff is entitled to recover costs and attorneys' fees from Defendant TransUnion pursuant to 15 U.S.C. §1681n and/or §1681o.

## COUNT V – ALLY

### Fair Credit Reporting Act Violation – 15 U.S.C. §1681s-2(b)

67.     Plaintiff re-alleges and reaffirms the above paragraphs 1-38 as though fully set forth herein.

68.     After receiving the Dispute Letters, Ally failed to correct the false and misleading information regarding the Account reporting on Plaintiff's consumer report.

69.     Defendant violated 15 U.S.C. §1681s-2(b) by failing to fully and properly investigate Plaintiff's disputes of Defendant Ally's representations; by failing to review all relevant information regarding Plaintiff's disputes; by failing to accurately respond to credit reporting agencies; by verifying false and misleading information; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of Defendant Ally's representations to consumer credit reporting agencies, among other unlawful conduct.

70.     As a result of this conduct, action, and inaction of Defendant Ally, Plaintiff suffered damages and continues to suffer actual damages including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

71.     Defendant Ally's conduct, action, and inaction were willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

72.     In the alternative, Defendant Ally was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

73.     Plaintiff is entitled to recover costs and attorneys' fees from Defendant Ally pursuant to 15 U.S.C. §1681n and/or 15 U.S.C. §1681o.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury in this action of all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks a reasonable and fair judgment against Defendants for willful noncompliance of the Fair Credit Reporting Act and seeks statutory remedies as defined by 15 U.S.C. § 1681 and demands:

A.     Actual damages to be proven at trial, or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A), of not less than $100 and not more than $1,000 per violation;

B.     Punitive damages, pursuant 15 U.S.C. § 1681n(a)(2), for Defendant's willful violation;

C.     The costs of instituting this action together with reasonable attorney's fees incurred by Plaintiff pursuant to 15 U.S.C. § 1681n(a)(3); and

D.    Any further legal and equitable relief as the court may deem just and proper in the circumstances.


Respectfully submitted April 14, 2026


<div style="margin-left:50%">

*/s/ Anthony E. LaCroix*
Anthony E. LaCroix (60793)
LaCroix Law Firm, LLC
1600 Genessee, Ste. 956
Kansas City, MO 64102
(816) 399-4380
Attorney for Plaintiff

</div>